IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

KAYED HADDAD                           *

                                *

    Plaintiff,                     *

v.                                                    Case No.: GJH-14-01185

                                *

ALEXANDER JORDAN HESS                  *

    and                            *

WILLIAM A. HESS                        *

    and                            *

ALICE CLAIRE HESS                      *

                                *

    Defendants.                    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

This Memorandum and Order addresses Plaintiff's Motion to Remand to State Court, ECF No. 13; Defendants' joint Opposition to Plaintiff's Motion to Remand to State Court, ECF No. 15; and Defendants' joint Motion to Dismiss Plaintiff's Complaint for Fraudulent Joinder, ECF No. 5, and supporting memoranda, ECF Nos. 5-1 and 16, and Plaintiff's Opposition to Defendants' Motion to Dismiss, ECF No. 14. I find that a hearing is unnecessary in this case. *See* Local Rule 105.6. For the reasons stated below, Plaintiff's Motion to Remand Case to State Court is GRANTED and Defendants' joint Motion to Dismiss is TERMINATED.

1

## I.    BACKGROUND

This action arises out of a motor vehicle accident that occurred in West Laurel, Maryland on August 19, 2010 when the plaintiff, Kayed Haddad ("Plaintiff"), a Maryland resident, was stopped at a red light and rear-ended by one of the defendants, Alexander Jordan Hess ("Jordan Hess"). ECF No. 2 at ¶ 7. The collision caused Plaintiff's car to be thrust forward in his lane, causing a second collision with the vehicle immediately in front of his. *Id.* at ¶ 10. These two collisions resulted in serious bodily injury to Plaintiff, as well as significant property damages to the vehicles involved in the accident. *Id.* at ¶ 11. As a result, Plaintiff filed a lawsuit in Maryland state court on August 15, 2013 against various defendants, including Jordan Hess, for his purportedly negligent operation of his vehicle. *Id.* at ¶¶ 18-21. Plaintiff also named as defendants Jordan Hess' parents, William Hess and Alice Hess (collectively with Jordan Hess as "Defendants"), for negligently entrusting Jordan Hess to operate the vehicle used in the accident when they knew or should have known of Jordan Hess' tendency to operate the vehicle "carelessly, negligently, recklessly and/or in violation of the vehicular laws of the State of Maryland. *Id.* at ¶ 16.

On April 10, 2014, Defendants jointly removed the Maryland state court action to federal court on the basis of "complete diversity of citizenship." ECF No. 1 at 1; *see also* ECF No. 13 ¶ 3. On May 28, 2014, Plaintiff filed a motion to remand to state court under a theory of fraudulent joinder. ECF No. 13 ¶¶ 14-18. This Court need not address Plaintiff's argument regarding fraudulent joinder, however, because there is a lack of complete diversity of citizenship between all of the parties. *See e.g.*, *Schafler v. Euro Motor Cars*, 2009 WL 277625, *1 (D. Md. Feb. 5, 2009) (diversity of citizenship can be raised *sua sponte* by the district court); *Frison v. Ryan Homes*, 2004 WL 3327904, *9 (D. Md. Oct. 29, 2004) (same). Given this

Court's lack of jurisdiction (diversity or otherwise), this action will be remanded to the Circuit Court for Prince George's County, Maryland.  Defendants' pending Motion to Dismiss will therefore be terminated and this case will be closed.

## II.    DISCUSSION

Federal Courts are courts of limited jurisdiction, and a district court must remand any case in which it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see In Re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006).  Therefore, a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility*, LLC, 530 F.3d 293, 296 (4th Cir. 2008) (internal citation omitted).  "Where a defendant seeks to remove a case to federal court, the defendant must simply allege subject matter jurisdiction in his notice of removal." *Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009).  "But if the plaintiff challenges removal in a motion to remand, then the burden is on the defendant to '*demonstrat*[*e*] that removal jurisdiction is proper.'"  *Id*. (citing *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008)) (emphasis in original).  Here, Defendants have not met their burden of demonstrating that removal was proper because, despite Defendants' contention, the Court lacks diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332(a)(1).

District courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.  See 8 U.S.C. § 1332(a)(1).  For diversity jurisdiction to exist, however, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999) (internal citation omitted).  Diversity jurisdiction is determined as of the date the suit is filed. *See, e.g., Porsche Cars N. Am., Inc. v. Porsche.Net*, 302 F.3d 248, 255-56

(4th Cir. 2002) (holding that "a court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy") (citations omitted).   Here, Defendants' own filings reveal that the parties lack complete diversity.   Specifically, Defendants' Petition of Removal indicates that Plaintiff and Defendant Alice Hess are both residents of the state of Maryland.   *See* ECF No. 1 at 2-3; *see also* ECF No. 5-3 (Affidavit of Alice Hess) (stating that "[a]t all relevant times I have resided in Silver Spring, Maryland").   Because Plaintiff and Defendant Alice Hess are both Maryland residents, the parties are not completely diverse and this action lacks diversity jurisdiction.   *See Mayes*, 198 F.3d at 461 ("the 'complete diversity' rule clarifies that the statute authorizing diversity jurisdiction over civil actions between a citizen of a state where the suit is brought and a citizen of another state permits jurisdiction only when no party shares common citizenship with any party on the other side").   As such, this case will be remanded to state court for resolution.

## VI.   CONCLUSION

Accordingly, for the aforementioned reasons, Plaintiff's Motion to Remand is GRANTED and this case should be remanded to the Circuit Court for Prince George's County, Maryland.   Having remanded Plaintiff's suit to state court, this Court is without jurisdiction to rule to on Defendant's Motion to Dismiss.   *See* ECF No. 5.   As such, I will direct the Court to terminate that motion and close this case.

Dated: June 30, 2014                                         /S/
                                                    George Jarrod Hazel
                                                    United States District Judge

4